Dear Mr. Cusimano:
You advise this office that you serve as the Justice of the Peace for the 5th District, Jefferson Parish. You also state that the Jefferson Parish Council wishes to appoint you to the position of parish hearing officer. A hearing officer presides over the adjudication of violations of the parish fire code and parish ordinances regulating public health, housing, environmental safety and historic district preservation. You ask if state law permits or prohibits you, as an elected justice of the peace, from accepting this appointment.
The position of hearing office is established in Chapter 2.5, Section 2.5-3 of the Jefferson Parish Code of Ordinances, providing:
 Sec. 2.5-3. Hearing officer(s).
 (a) Hearing officer(s) shall be appointed by the Jefferson Parish Council.
 (b) All hearing officers shall be sworn before the parish attorney to uphold the Constitution and laws of the State of Louisiana and the Charter and ordinances of the parish, and to abide by the provisions of the Louisiana Code of Governmental Ethics before assuming office.
The powers granted a parish hearing officer are provided in Section 2.5-6, as follows:
 The hearing officer shall have the power to:
 (1) Administer oaths and affirmations; *Page 2 
 (2) Issue orders compelling the attendance of witnesses, respondents and violators and the production of documents;
 (3) Levy fines and hearing costs, the total of which shall not exceed the maximum established for the parish courts of Jefferson Parish;
 (4) Order violators to correct violations within a stipulated time;
 (5) Take necessary and lawful measures to effect corrections of the violations if the violator fails to do so within the time allocated by the hearing officer;
 (6) Place liens, pursuant to section 2.5-9 of this chapter, against the immovable property located within the parish, if the violator fails to remit payment for any costs and/or fines, within thirty (30) days of the levy of the same.
Your question prompts our review of the Dual Officeholding and Dual Employment Laws, La.R.S. 42:61, et seq., which prohibit the holding of two or more public offices or employments as defined by law.
When applying a dual officeholding analysis, it is always essential to determine the nature of the positions held, as the dual officeholding prohibitions are applicable to public offices and public jobs which fall within the specific definitions provided for by La.R.S. 42:62, defining "elective office", "appointive office" and "employment".
A justice of the peace holds "elective office" as defined by La.R.S.42:62(1) to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof". A hearing officer appointed pursuant to Section 2.5-3 holds "appointive office" because he holds an office "established. . .by the. . .ordinances of any political subdivision thereof. . .which is filled by appointment. . .by a governmental body composed of such officials. . .of a political subdivision thereof." The appointment here is made by the Jefferson Parish Council, which is the governing body of the political subdivision of the parish. See La.R.S. 42:62(9) defining "political subdivision" to include a parish.
The prohibition of law applicable here is La.R.S. 42:63(D), providing in pertinent part: *Page 3 
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .
[Emphasis added].
La.R.S. 42:63(D) prohibits a local elected official from holding a full-time appointive office in any political subdivision of the state, but does not prohibit a local elected official from holding an appointive office where the latter position is held on a part-time basis. "Full-time" and "part-time" are terms defined by La.R.S.42:62(4) and (5), stating:
 (4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the hours of work defined in this Section as full-time.
Because you advise the position of hearing officer will be held on a part-time basis (no more than eighteen hours per week), we conclude that the dual officeholding provisions pose no impediment to your simultaneous service as justice of the peace and parish hearing officer.
However, this opinion is limited to an examination of the dual officeholding provisions and does not address those provisions of the Code of Judicial Conduct which may be applicable in this matter. The Code of Judicial Conduct is binding on all judges, including justices of the peace. See In re Adams, 959 So.2d 474 (La. 2007). The Canons of the Code of Judicial Conduct may prevent your acceptance of the position of hearing officer, where the dual officeholding provisions impose no restriction. For instance, a justice of the peace may not also hold the part-time appointive office of deputy sheriff.
In the case of In re Mclnnis, 769 So.2d 1186 (La. 2000), upon recommendation of the Judiciary Commission, the Louisiana Supreme Court censured the Justice of the Peace of Ward I, St. Bernard Parish, because he maintained a financial relationship with the sheriff's office — first as a full-time employee and commissioned deputy and then as an independent contractor — while a sitting *Page 4 
justice of the peace, and after he was advised that such a relationship was a violation of Canons 1, 2(A), and 5(C)(1) of the Code of Judicial conduct.[1] Under Mclnnis, employment with the sheriffs office tends to "involve the judge in frequent transactions with lawyers or persons likely to come before the court on which he or she serves" in violation of Canon 5(C)(1). See also La. Atty. Gen. Op. 08-0154, copy attached.
The Code of Judicial Conduct is within the authority of the Judiciary Commission. For this reason, we suggest that you contact the Judiciary Commission, 601 St. Charles Avenue, New Orleans, LA 70130, phone 504-568-8299 for a final resolution regarding your inquiry.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Canons 1, 2(A), and 5(C)(1) of the Code of Judicial Conduct provide:
CANON 1 A Judge Shall Uphold the Integrity and Independence of theJudiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code are to be construed and applied to further that objective. As a necessary corollary, the judge must be protected in the exercise of judicial independence.
CANON 2 A Judge Shall Avoid Impropriety and the Appearance ofImpropriety in All Activities
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. As used in this Code, "impartiality" or "impartial" denotes absences of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge.
CANON
5 Extra-Judicial Activities A Judge Shall Regulate Extra-JudicialActivities to Minimize the Risk of Conflict With Judicial Duties
C. Financial Activities.
A judge shall refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality, interfere with the proper performance of judicial duties, exploit the judge's judicial position, or involve the judge in the frequent transactions with lawyers or persons likely to come before the court on which he or she serves.